## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARK W. ROSE**<br>    **Plaintiff**<br><br>v.<br><br><br>**LAW OFFICES OF MICHAEL J. AUGER, LLC**<br>    **Defendant** | )  **CIVIL ACTION**<br>)<br>)  **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)  **JUNE 3, 2010** |

### COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer against a law firm that engages in the collection of debts. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes a pendent State law claim for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq.

### II. PARTIES

2. Plaintiff, Mark W. Rose, is a natural person residing in Middletown, Connecticut.

3. Defendant, Law Offices of Michael J. Auger, LLC ("Auger"), is a law firm and limited liability corporation located in Farmington, Connecticut that is in the business of collecting consumer debts.

### III. JURISDICTION

4.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1367, and 1337.

5.  This Court has jurisdiction over Auger because it engages in business activities within Connecticut.

6.  Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

7.  On or around March 11, 2010, Plaintiff received a collection letter sent by Auger on behalf of CACH, LLC ("CACH"), which letter stated that Plaintiff owed CACH $26,709.27; that letter also notified Plaintiff of his right to dispute the debt within 30 days from Plaintiff's receipt of that letter and receive verification pursuant to 15 U.S.C. § 1692g.

8.  On or around April 8, 2010, Plaintiff sent Auger a letter in which he disputed the debt.

9.  The next communication Plaintiff received from Auger was a summons and complaint regarding an application for confirmation of arbitration award that Auger intended to file in Connecticut Superior Court, and in the enclosed complaint, Auger represented the amount of the debt to be $43,959.14, and also enclosed as part of Auger's complaint was a copy of an arbitration award by the National Arbitration Forum on January 5, 2010 ("NAF Award").

10. Plaintiff had never received notice of the hearing referenced in the NAF Award despite the fact that the National Arbitration Forum procedures required notice of the hearing be sent to him by certified mail; Auger sent this summons and complaint to Plaintiff notwithstanding Auger had not sent Plaintiff verification of the debt as required by the FDCPA.

## V. CAUSE OF ACTION

### COUNT ONE
### Fair Debt Collection Practices Act

11. Plaintiff incorporates Paragraphs 1- 10.

12. Auger violated the FDCPA in the following respects:

    a.  Auger violated 15 U.S.C. § 1692e(2)(A) by sending Plaintiff conflicting statements regarding the character, amount and/or legal status of the debt;

    b.  Auger violated 15 U.S.C. § 1692e(5) by sending Plaintiff a summons and complaint to confirm an invalid arbitration award;

    c.  Auger violated 15 U.S.C. § 1692g(b) by resuming collection activities and suing Plaintiff without first providing Plaintiff with verification of the debt;

    d.  Auger violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

    e.  Auger violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

13. For Auger's violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages (including the cost of defending the application to confirm

3

the arbitration award), statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO
### Connecticut Unfair Trade Practices Act

14. Plaintiff incorporates Paragraphs 1-10.

15. Auger violated CUTPA by its debt collection activities described above.

16. Auger's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

17. Plaintiff has sustained an ascertainable loss as a result of Auger's acts.

18. Auger is liable to Plaintiff for his actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; such other relief as this Court deems appropriate.

PLAINTIFF, MARK W. ROSE

By: _____
    Daniel S. Blinn, ct02188
    Matthew W. Graeber, ct27545
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457